**Elvira Martin PARKIN, aka Elvira Martin Santos; Elinor Martin Santos; Marco Antonio Martin Santos, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73893.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Jeremiah Johnson, Reeves & Associates, APLC, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacey Ilene Young, Trial, James Arthur Hunolt, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

Elivira Martin Parkin and her two adult children, Elinor Martin Santos and Marco Antonio Martin Santos, natives and citizens of Philippines, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

█ Substantial evidence supports the agency's finding that Parkin's one-day detention in 1972 did not rise to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Substantial evidence further supports the agency's denial the claims of past persecution and well-founded fear of future persecution because Parkin has not shown that the government was unwilling or unable to protect her from the New People's Army. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005). Accordingly, her asylum claim fails.

█ Because Parkin has not met the standard for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254–55 (9th Cir.2003).

Substantial evidence also supports the agency's conclusion that Parkin is ineligible for CAT relief because she failed to show it is more likely than not that she will be tortured. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

